**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-50086

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JIMMY ARREOLA RAMOS, also known as Santiago
Arreola Ramos,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
MO-00-CR-68-4

February 7, 2003

Before HIGGINBOTHAM and DAVIS, Circuit Judges and HUDSPETH, District Judge.[*]

PER CURIAM:[**]

Ramos appeals his conviction for conspiracy to distribute methamphetamine and aiding and abetting the distribution of that drug. We affirm the conviction.

---

[*]District Judge of the Western District of Texas, sitting by designation

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramos raises a number of issues on appeal which we will discuss briefly below.

He argues first that the district court abused its discretion in unduly restricting defense counsel's cross-examination of one of the arresting officers, Deputy Javier Levya. The defense sought to use a transcript from an unrelated state court trial where Officer Levya conceded that an earlier statement he made was not true. After reviewing pertinent portions of the transcript, the district court concluded that it was unclear whether Officer Levya's change of testimony was the result of a mistake or an intentional falsehood. Our review of the record fully supports the district court's conclusion. There is certainly no clear indication from the state court transcript Ramos sought to use in his cross-examination of Officer Levya that the officer made intentional misrepresentations. The district court did not abuse its discretion in restricting Officer Levya's cross-examination.

Ramos also argues that the prosecutor made repeated improper attacks on "the defense," including counsel. Ramos, however, did not object to the prosecutor's remarks, and we review for plain error.

We agree with the defense that a prosecutor's suggestions that defense counsel is attempting to deceive or trick the jury or hide evidence is improper where the argument is not supported by

the record nor offered in response to remarks by defense counsel.[1] But, in this case where evidence of Ramos's guilt was overwhelming, we are satisfied that the prosecutor's improper remarks did not affect the verdict. Thus, Ramos cannot show that his substantial rights were affected, and he is therefore unable to demonstrate that the trial court committed plain error in failing to take action designed to prevent the prosecutor's remark or to instruct the jury to disregard such arguments.[2]

For the reasons stated above, the district court's judgment is AFFIRMED.

---

[1] In this case, the defense points to several arguments made by the prosecutor during his closing argument including:

> . . . But evidence doesn't always come to light. Sometimes because the dealers are actually trying to conceal evidence. They will destroy evidence. You recall the motel clerk stated that someone at some point from the Defense had contacted them trying to get the motel receipt? We're lucky we got to it before they did. We're not always able to recover every piece of evidence that we would like. (R. at 729.)

> He's tried to distract you, again, just doing his job. It's really –Mr. Frost, I like him personally, and know him personally. He's doing his job. Common defense tactic. Try to wear you down. Hope something breaks. Hope you can disrupt something. Try to get the jury's attention focused on something other than the issue that is before you right now. It's nothing personal. It's his job. (R. At 731).

[2] The record reveals that the trial court instructed the jury that: "Remember that any statements, objections, or arguments made by the lawyers are not evidence." (R. At 694).